FISHER, Associate Judge,
dissenting:
Under the governing statute, the Mayor has “the authority to determine the necessity, character, and sufficiency of any medical aid furnished or to be furnished, and may order a change of physician or hospital when in [her] judgment such change is necessary or desirable.” D.C.Code § 32-1507(b)(4) (2012 Repl.). Such an important decision should be well-considered, drawing upon the best information available. Yet, the Compensation Review Board held “that any request to switch physicians must come from Claimant,” in effect prohibiting the employer from furnishing information which would be useful and might even be compelling. This is an *206 unreasonable interpretation of the statute, to which we should not defer. I would reverse and remand for further proceedings.
I agree that the current regulations do not expressly permit an employer to seek a change of physicians. But neither do they prohibit such a request. Why should we gag the employer, and why should the Mayor be precluded from considering information the employer submits? Neither logic nor the statutory scheme justifies such a result.
Allowing the employer to be heard is fully consistent with the humanitarian purposes of the workers’ compensation statutes, which “are to be liberally construed for the benefit of the employee.” Hively v. District of Columbia Dep’t of Emp’t Servs., 681 A.2d 1158, 1163 (D.C.1996). The question the Mayor must consider (through her designee, the OWC) is whether a change of physicians “is necessary or desirable,” D.C.Code § 32-1507(b)(4) (2012 Repl.), that is, whether it will benefit the employee. Even when the injured- employee makes the request, a change in medical care will not be ordered unless “it is found to be in the best interest of the employee.” 7 DCMR § 212.13.
The CRB stated that “[t]o allow employers to force Claimants to switch to a different treating physician is not something the act and regulations contemplate.” But this comment misconceives the situation. The employer is not forcing- the claimant to do anything. It merely seeks to provide pertinent information to assist the Mayor in. fulfilling her duty to “supervise the medical .care rendered to injured employees.” D.C.Code § 32-1507(b)(4) (2012 Repl.). And the employer should be heard because it has a decided economic interest in helping the injured employee to recover. Indeed, denying the employer a voice might raise significant due process issues.
Even Mr. Chavis recognizes that the employer or insurance carrier has a right to be heard on the question of appropriate medical care. He acknowledges in his brief that the statute “provide[s] for a tool, utilization review, that could be used to ensure that the .treatment being provided was the treatment required for a claimant.” Utilization review, designed to determine “the necessity, character, or sufficiency -of medical care or service to an employee,” clearly may be initiated by the employer. D.C.Code § 32-1507(b)(6)(B) (2012 Repl.). - See also 7 DCMR § 232.3 (“The employee, employer or the Office may initiate the review....”). Perhaps there is a reason why the employer may initiate utilization review but should be precluded from using an informal conference to suggest that the employee needs different medical care, but neither the CRB nor the parties have explained why this should be so.
In sum, the OWC properly considered the information submitted by the employer. However, the CRB did not address whether the order authorizing a change in physicians was justified. I would reverse and remand for the CRB to consider that question.